UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN PAZOS HERNANDEZ; JUAN
CABALLERO LEON; ALEJANDRO PEREZ
AJANEL; CARLOS ALMAZAN GARCIA;
WILLIAM GARCIA NAJERA; and GERARDO
MORENO-ALVARADO,

    Plaintiffs,

v.                                        Case No.  6:12-cv-99-Orl-22TBS

THE AVALON GROUP SOUTHEAST, LLC (a
Florida Limited Liability Company); DAVID L.
LOFT, JR., (an individual); ERIC LOVE (an
individual); JOHN PRETE (an individual); and
BYRON AVALOS (an individual),

    Defendants.
_____/

ORDER

Pending before the Court is the parties' Joint Stipulation of Dismissal with Prejudice, and Motion to Approve FLSA Settlement with Incorporated Memorandum of Law (Doc. 49).  The District Judge has referred the Joint Stipulation to the undersigned for the preparation of a Report and Recommendation whether the parties settlement is a "fair and reasonable resolution of a bonafide dispute" of the plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. claim (Doc. 35).  <u>Lynn's Food Stores, Inc. v. United States Dept. of Labor</u>, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  This Court has read the Joint Stipulation and cannot recommend its approval to the District Judge.  Rather than recommend that the District Judge reject the parties' proposed settlement this Court will outline its concerns and provide the parties an opportunity to file a revise their Joint Stipulation no later than August 1, 2012.

In <u>Lynn's Food</u>, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." <u>Id</u>. at 1353. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Id</u>. at 1354.

The policy behind the FLSA, what is and is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in <u>Dees v. Hydrady, Inc.</u>, 706 F.Supp.2d 1227 (M.D. Fla. 2010) and <u>Moreno v. Regions Bank</u>, 729 F.Supp.2d 1346 (M.D. Fla. 2010). With these decisions in mind, the Court has the following concerns:

1. The parties have not provided the Court a copy of their settlement agreement.

2. The parties have not informed the Court concerning the type of work the Plaintiffs did for the Defendants, the basis for the Plaintiffs' claims or the reasons why the Defendants dispute the claims.

3. The Court cannot tell from the Joint Stipulation whether Plaintiffs' claims are being paid in full or if Plaintiffs have compromised the amounts of their claims. The parties' representation that Plaintiffs are receiving "the amount that a reasonable jury would award" is meaningless.

4. No information has been provided concerning liquidated damages.

5. No information has been provided concerning the timing and circumstances under which the agreement on attorneys' fees was reached; and the parties have not provided the Court with the information necessary to establish the reasonableness of counsel's fees using the lodestar approach.

6. The Court is unaware of the form and content of the releases to be given by Plaintiffs.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida on July 18, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel