UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN PAZOS HERNANDEZ; JUAN
CABALLERO LEON; ALEJANDRO PEREZ
AJANEL; CARLOS ALMAZAN GARCIA;
WILLIAM GARCIA NAJERA; and GERARDO
MORENO-ALVARADO,

    Plaintiffs,

v.                                        Case No. 6:12-cv-99-ORL-22TBS

THE AVALON GROUP SOUTHEAST, LLC,
a Florida Limited Liability Company; DAVID L.
LOFT, JR., an individual; ERIC LOVE, an
individual; JOHN PRETE, an individual; and
BYRON AVALOS, an individual.

    Defendants.
_____/

ORDER

Pending before the Court is the parties' Amended Joint Stipulation of Dismissal, With Prejudice, (sic) and Motion to Approve FLSA Settlement (Doc. 53), filed August 1, 2012. The District Judge referred the parties' original Joint Motion to the undersigned for the preparation of a Report and Recommendation stating whether the parties' settlement is a "fair and reasonable resolution of a bonafide dispute" of the Plaintiff's Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et. seq. claim. Lynn's Food Stores, Inc. v. United States Dept. of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982). This Court rejected the parties' original motion for approval of their settlement because it lacked the information necessary for the Court to make an informed recommendation. Accordingly, the Court granted leave for the parties to revise their motion. (Doc. 52). The Court has now read the parties' Amended Joint Stipulation and still cannot

recommend its approval to the District Judge. Rather than recommend that the District Judge reject the parties' proposed settlement, the Court will once more outline its concerns and provide the parties an opportunity to revise their settlement agreement.

The parties have not made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims." Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1243. The Parties state, without explanation, that Plaintiffs are not receiving liquidated damages and then they characterize installment settlement payments as including "and/or liquidated damages." The parties must be specific about whether Plaintiffs are receiving liquidated damages or, if they aren't, the reasons why.

The Court still cannot tell whether Plaintiffs' claims are being paid in full or if Plaintiffs have compromised the amounts of their claims. The parties' represent both that the settlement constitutes "full payment of the Plaintiffs' claims, and that Plaintiffs' are receiving "the amount that a reasonable jury would award."

The parties' agreement is titled "Settlement Agreement and General Release." (Emphasis supplied). In the agreement, Plaintiffs release Defendants from any and all claims asserted in this case, and any and all claims "which stem or arise out of the parties' employment or independent-contractor relationship." Thus, the parties may intend for Plaintiffs to generally release Defendants. (Doc. 53-1). This Court has determined that such pervasive releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010). As such, "[a] compromise of an

FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352.

Apparently, the parties are relying on Bonetti v Embarq Mngm't Co., 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009), because they invite the Court to approve their attorneys' fee provision on the grounds that it was "negotiated separately as not to affect the Plaintiffs' recoveries." (Doc. 53 at 7). As was explained in Correa v. Laiton, "the methods applied in Bonneti ha[ve] not been adopted for Chief Judge Conway's FLSA cases, who continues to apply the lodestar analysis." Case No. 6:09-cv-737-Orl-22DAB, 2009 U.S. Dist. LEXIS 131110, at *4-5 (M.D. Fla. Nov. 23, 2009) (citing Natera v. Mastercorp of Tennessee, Case No. 6:08-cv-2088-Orl-22DAB, 2009 U.S. Dist. LEXIS 76617 (M.D. Fla. Aug. 26, 2009) (Conway, C.J.)). The Court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Counsel has failed to provide the Court with all of the information necessary to perform the lodestar analysis.

For the foregoing reasons, the Court will grant the parties leave to file a revised proposed settlement agreement and supplemental briefing no later than August 17, 2012, taking into consideration the Court's concerns set forth herein.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida on August 3, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel